# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORMAN RONALD SETON,

          Plaintiff,

          v.

KENNETH BROCKMAN and
JANINA SIMUTIS,

          Defendants.

Case No. 3:22-cv-00083-JMK

## ORDER OF DISMISSAL & NOTICE OF STRIKE

### I.     Background

On April 15, 2022, Norman Ronald Seton, a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint ("Complaint") under the Civil Rights Act, 42 U.S.C. § 1983; a civil cover sheet; a Prisoner's Application to Waive Payment of the Filing Fee.[1]

The Court screened the Complaint, found it deficient, denied the motion for representation, but granted leave to amend.[2] In the Second Screening Order, Plaintiff was cautioned that if he "does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form by September 19, 2022, this

---

[1] Dockets 1–5.

[2] Docket 7.

case may be dismissed without further notice to Plaintiff, and he risks receiving a strike."[3]

As of the date of this Order, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to timely file responsive documents, contact the Court, or otherwise cooperate in prosecuting this action.

## II.    Discussion

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order.  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate this action

---

[3] Docket 7 at 12 (citing 28 U.S.C. § 1915(g) prohibiting a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury.").

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Case No. 3:22-cv-00083-JMK, *Seton v. Brockman, et. al.*
Order of Dismissal & Notice of Strike
Page 2 of 5

diligently.[5]  Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6]  Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8]  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[9] which is the case here.  Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to amend his complaint.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10]

---

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] See, e.g., *Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[9] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[10] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

Case No. 3:22-cv-00083-JMK, *Seton v. Brockman, et. al.*
Order of Dismissal & Notice of Strike
Page 3 of 5

The Court's Screening Order provided Plaintiff guidance on relevant law and an opportunity to file an Amended Complaint.

The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Thus, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[11] The Court finds no other lesser sanction to be satisfactory or effective in this case.[12] Therefore, this case is dismissed, without prejudice, for failure to prosecute this action.

While this case is dismissed without prejudice, Plaintiff may only seek future relief as to defendant Brockman or other previously unnamed officers. As explained in the Screening Order, Plaintiff's his claim against defendant Simutis was dismissed with prejudice,[13] so Plaintiff is prohibited from refiling against defendant Simutis.

---

[11] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[12] *See*, e.g., *Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[13] Docket 7 at 12.

Case No. 3:22-cv-00083-JMK, *Seton v. Brockman, et. al.*
Order of Dismissal & Notice of Strike
Page 4 of 5

Case 3:22-cv-00083-JMK   Document 8   Filed 11/28/22   Page 4 of 5

This dismissal will count as a "strike" against Plaintiff under § 1915(g).  After three strikes, Plaintiff will be unable to file lawsuits under *in forma pauperis* status, unless he demonstrates "imminent danger of serious physical injury."[14]  The Court cautions Plaintiff as to his strike status.

**IT IS THEREFORE ORDERED:**

1.  This action is **DISMISSED WITHOUT PREJUDICE**.

2.  All pending motions are **DENIED AS MOOT.**

3.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).  If Plaintiff receives a third strike, he will be unable to file future lawsuits in federal court without paying the filing fee or demonstrating he is in imminent danger of serious physical injury with any request to waive prepayment of the filing fee.

4.  The Clerk of Court shall issue a final judgement.

DATED this 28th day of November, 2022 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[14] 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00083-JMK, *Seton v. Brockman, et. al.*
Order of Dismissal & Notice of Strike
Page 5 of 5

Case 3:22-cv-00083-JMK   Document 8   Filed 11/28/22   Page 5 of 5